### *David Gordon, survivor of John Munro and David Gordon,* v. *Walter Bowne.*

THIS was an  application for  leave  to file the  *capias*,  and  enter the defendant's appearance *nunc pro tunc* as of  the last *August* term.

The facts as they appeared on the several and long affidavits read, were, that the plaintiffs were the assured on a policy of insurance, underwritten by the defendant; that, being in embarrassed circumstances, and unable to meet their payments, they entered into a composition with their creditors, of whom the defendant was one, to pay them, on receiving a release from all demands, fifteen shillings in the pound; ten shillings to be paid by approved indorsed notes, and the remaining five shillings, by their own; the indorsors to receive an assignment of a part of the property of the plaintiff and his partner, by way of security against their indorsements; that in pursuance of this agreement, the defendant received his two notes of ten shillings and five shillings in the pound, executed a release, and the policy in question was assigned to persons for whose benefit the present action was brought; that the note for ten shillings in the pound was duly paid by the assignees of the policy. The attorney for the plaintiff called on the defendant, a few days before *August* term, to inform him of the intended suit, when the defendant assured the attorney, that the matter would be accommodated, and, if not, that he would consent to proceedings being as of *August* term; that a *capias* was afterwards sued out on the second of *August* last, returnable the sixth, but not served till after *August* term, at which time the defendant indorsed his appearance, and as the plaintiff's attorney verily believed, with intent that all proceedings should be deemed as of *August* term; that the declaration was titled as of *August* term, though the *capias* has not been yet filed; that since *August*, the plaintiff has become a bankrupt, and that the defendant had pleaded, giving a notice of setting

off a note which fell due on the 8th of *September* last, and was the very note for five shillings in the pound given by the plaintiff and his partner, in composition for their debts.

*Hoffman* insisted, that the indorsement of the writ by the defendant, was tantamount to a written agreement, as it was evidence in writing of the agreement, which was further corroborated by the pleadings.

SPENCER, J. delivered the judgment of the court. The defendant resists the application, relying principally on this :    That he holds to nearly the amount of the plaintiff's demand, a note against him due on the 8th of *September* last, which he intends to set-off. The object of the plaintiff's motion, is, if possible, to exclude this effect ; on this ground, that his demand is assigned for the benefit of certain persons who have paid debts for him, incurred by indorsements to his compounding creditors. The defendant denies notice of such assignment ; both parties admit the insolvency of the plaintiff. The verbal agreement between the attorney for the plaintiff and the defendant, cannot be attended to ; a rule of this court forbids such agreement being alleged.

There has been laches on the part of the plaintiff, in not entering his suit as of *August* term, and to avoid that laches, the court is now applied to.    In granting favours of this kind, the court ought to be careful not to do injustice, and it appears to them, that granting the rule as applied for, might have that effect ; for, most certainly, the defendant's claim to offset, is better founded, than that of the assignees to recover.

Let a rule be entered, that the plaintiff have leave to file his writ, and enter the defendant's appearance, as of the last term.

THOMPSON, J. I am sorry to be under a necessity of differing from the court; but I think the indorsement of appearance is evidence of an agreement as strong as if it had been reduced to writing, and sufficiently indicatory of the intent of the parties, to avoid any of the consequences against which the rule in question was framed. How far the defendant may, by filing the *capias*, and entering an appearance of *August* term, be precluded from a set-off, or by the present rule entitled to it, is unnecessary to determine. My opinion is, that the plaintiff ought to have the effect of his motion.

KENT, J. I concur in the opinion last given. I deem it a point of moral rectitude to enforce all agreements, when the evidence is such as is not contravened by any rule of law. But as the judgment of the court is, to deny the full extent of the plaintiff's application, he can take no more than has already been pronounced.